NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGPING CHEN, AKA Enping Chen, | No. 15-71178 |
| Petitioner, | Agency No. A087-957-940 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Yongping Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

_____

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Chen's testimony and his sister's testimony as to the location of the house church, the days of the week the house church meetings were held, whether a pastor led the house church, and the date of their mother's retirement. *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Chen's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Chen's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not consider Chen's arguments as to the merits of his CAT claim, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Chen does not contend that the BIA erred in its determination that he waived any challenge to the IJ's denial of CAT relief, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

15-71178